# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

ROBERT STROUGO, individually and )
on behalf of all others similarly situated, )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )      No. 3:20-cv-00165
                                          )
TIVITY HEALTH, INC., *et al.*,            )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Class actions are "'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013) (quoting Califano v. Yamasaki, 442 U.S. 682, 700–701 (1979)). Consequently, a class action can be certified only if a court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011); Zehentbauer Family Land, LP v. Chesapeake Expl., L.L.C., 935 F.3d 496, 503 (6th Cir. 2019).

Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). "These four requirements – numerosity, commonality, typicality, and adequate representation – serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the

class members." In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig., 722 F.3d 838, 850 (6th Cir. 2013). Rule 23(b), in turn, provides that when the requirements of Rule 23(a) are met a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b).

The decision whether to certify a class is committed to the sound discretion of the district judge and turns on the particular facts and circumstances of each individual case. In re Whirlpool, 722 F.3d at 850. This may require "the court to probe behind the pleadings before coming to rest on the certification question," and this "analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'" Comcast, 569 U.S. at 33 (quoting Dukes, 564 U.S. at 350). Nevertheless, at the class certification stage, the court can only consider "those matters relevant to deciding if the prerequisites of Rule 23 are satisfied," and "may not 'turn the class certification proceedings into a dress rehearsal for the trial on the merits.'" In re Whirlpool, 722 F.3d at 851-52 (quoting Messner v. Northshore Univ. Health Sys., 669 F.3d 802, 811 (7th Cir. 2012)).

Acknowledging the proper analytical framework, this Court entered an Order on June 7, 2022, granting Plaintiff Sheet Metal Workers Local No. 33's Motion for Class Certification (Doc. No. 125), and certified the following class:

> All persons who purchased or otherwise acquired the common stock of Tivity Health, Inc. between March 8, 2019, and February 19, 2020, inclusive. Excluded from the Class are Tivity Health, Inc., Donato Tramuto, Adam C. Holland, and Dawn Zier, members of their immediate families, and any entity of which Defendant has a controlling interest, and the legal representatives, heirs, predecessors, successors, or assigns of any excluded party.

2

(Doc. No. 179 at 1). The Court also appointed the law firm Robbins Geller Rudman & Dowd LLP as class counsel.

In deciding to certify the class, the Court limited its discussion to the predominance requirement of Rule 23(b) and focused on whether questions common to the class predominated. Not only is this usually "the crucial requirement for class certification," Halliburton Co. v. Erica P. John Fund, Inc. ("Halliburton II"), 573 U.S. 258, 276 (2014), it was the only factor contested by Defendants.

After this Court issued its ruling, Defendants sought permission to appeal to the Sixth Circuit pursuant to Rule 23(f). In doing so, they "raise[d] four issues in support of immediate appeal, all of which pertain to [this Court's] analysis of the predominance factor under Federal Rule of Civil Procedure 23(b)(3)." (Doc. No. 194 at 4). Defendants did not address the issue of whether Plaintiff satisfied the requirements of numerosity, commonality, typicality, and adequacy under Rule 23(a), nor did they raise any of those issues on appeal. Id. Nevertheless, the Sixth Circuit remanded the action to this Court to address those factors, noting that "it is axiomatic that 'certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." (Id. a 3-4, quoting Dukes, 564 U.S. at 350-51).

On remand, this Court held a status conference during which the parties confirmed that none of the Rule 23(a) factors were being challenged by Defendants. Because of the directive on remand, however, the Court ordered more fulsome briefing on the Rule 23(a) factors, which has since been received. Based upon that filing (Doc. No. 238) and the record as a whole, the Court finds that the Rule 23(a) for class certification have been met.

**(A) <u>Numerosity</u>** – Rule 23(a)(1) requires that a proposed class be "so numerous that joinder

3

of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'This court has observed that as few as forty class members may satisfy the numerosity requirement.'" <u>A.M.C. v. Smith</u>, 620 F. Supp. 3d 713, 732 (M.D. Tenn. 2022) (quoting <u>Snead v. CoreCivic of Tennessee, LLC</u>, No. 3:17-CV-0949, 2018 WL 3157283, at *11 (M.D. Tenn. June 27, 2018). The magic number may even be smaller. <u>See</u> <u>Fradkin v. Ernst</u>, 98 F.R.D. 478, 490 (N.D. Ohio 1983) (noting that the Sixth Circuit had approved a class of thirty-five member). Moreover the Sixth Circuit has stated that "'[n]umerosity is generally assumed to have been met in class action suits involving nationally traded securities.'" <u>St. Clair Cnty. Employees' Ret. Sys. v. Acadia Healthcare Co., Inc.</u>, No. 3:18-CV-00988, 2022 WL 4598044, at *2 (M.D. Tenn. Sept. 30, 2022) (quoting <u>Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.</u>, 332 F.R.D. 556, 572 (M.D. Tenn. 2019)).

Tivity is traded on the NASDAQ, with "no less than 41 million shares outstanding on every trading day" during the class period. (Doc. No. 127-2, Dalrymple Report, ¶¶ 13, 27, 72). At least 370 institutions owned Tivity stock, including asset managers and brokerage firms. (<u>Id.</u>, ¶ 44 n. 60). This necessarily means that the number of potential class members exceeds 370, far more than enough to satisfy the numerosity requirement. Defendants agree. (Doc. No. 238 at 2).

**(B) <u>Commonality</u> –** Rule 23(a)(2) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In antitrust cases, "the commonality requirement is often easily met." <u>Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.</u>, 333 F.R.D. 390, 403–05 (M.D. Tenn. 2019) (collecting cases).

For this prong, "plaintiffs must show that their claims 'depend upon a common contention' that is 'of such a nature that it is capable of classwide resolution—which means that determination

4

of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" Dukes, 564 U.S. at 350. One common question is sufficient. Powers v. Hamilton County Pub. Defender Com'n, 501 F.3d 592, 619 (6th Cir. 2007). And "[v]ariations in the circumstances of class members are acceptable, as long as they have at least one issue in common." Bacon v. Honda of Am. Mfg., Inc., 370 F.3d 565, 570 (6th Cir. 2004).

Both the Consolidated Complaint and Defendants' own Motion for Summary Judgment identify questions that will be common to the class. These include, but are not limited to, whether (1) Defendants engaged in a scheme to defraud investors and/or made misrepresentation or omitted material facts in relation to (a) Nutrisystem's acquisition and the performance of Tivity's Nutrition segment thereafter, and (b) Nutrisystem's goodwill and value; (2) Defendants acted with scienter; (3) Defendants' actions caused damages to the class; and (4) Defendants were "control persons." (Doc. No. 105, Complaint e.g. ¶¶ 9-11, 51-55; 64-68, 80-84, 98, 107, 119, 148, 166, 167, 177-179; 208-209; Doc. No. 214 at 14-31). These are all issues that suggest common questions capable of class-wide resolution. Again, Defendants do not argue otherwise. (Doc. No. 238

(C) **Typicality** – The third prong of the Rule 23(a) analysis requires that "the claims or defenses of the representative party are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 29(a)(3). "Typicality is met if the class member's claims are 'fairly encompassed by the named plaintiffs' claims.'" In re Whirlpool Corp., 722 F.3d at 852 (quoting Sprague v. Gen. Motors Corp., 133 F.3d 388, 399 (6th Cir. 1998)). "This requirement insures that the representative's interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members." Id. at 852–53. Put somewhat differently, typicality "determines whether a sufficient relationship exists between the

5

injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." Beattie v. CenturyTel, Inc., 511 F.3d 554, 561 (6th Cir. 2007) (citation and quotation omitted). In short, "as go the claim of the named plaintiff, so go the claims of the class." Sprague, 133 F.3d at 399.

The claims of lead Plaintiff, the Sheet Metal Workers Local No. 33, Cleveland District Pension Fund, are typical of the proposed class. All arise out of the same course of alleged conduct by Tivity, to wit, Tivity artificially inflated share prices by engaging in a scheme to defraud and by misrepresenting its performance after Nutrisystem was acquired. See In re FirstEnergy Corp. Sec. Litig., No. 2:20-CV-3785, 2023 WL 2709373, at *10 (S.D. Ohio Mar. 30, 2023) (finding typicality met where claims "derive from the same course of conduct and rely on the same legal theory alleged against Defendants" and where "Plaintiffs allege[d] that they were all similarly injured by purchasing securities impacted by artificial inflation caused by Defendants' concealment"); Weiner v. Tivity Health, Inc., 334 F.R.D. 123, 129 (M.D. Tenn. 2020) (finding typicality met where claims arose from the same events as those of the members of the proposed class, invoked the same legal theories, were subjected to the same defenses, and would be established by the same evidence).

To be sure, there will be some differences regarding when stocks were purchased and/or sold by members of the class, but this does not destroy typicality. See Beattie v. CenturyTel, Inc., 511 F.3d 554, 562 (6th Cir. 2007) (citation omitted) (noting that fact differences relating to the price at which stocks were traded do not undermine typicality, where "plaintiffs' legal allegations and most of their general fact allegations are the same for the representatives and all other members of the class"). Defendants do not contend that the claims of the Pension Fund are different from those of the class. (Doc. No. 238 at 6).

6

**(4) __Adequacy__ –** The fourth prong of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625, 117 S.Ct. 2231 (1997). This requirement often "overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." Id. Adequacy, however, additionally "raises concerns about the competency of class counsel and conflicts of interest." Gen'l Tele. Co. of the Southwest v. Falcon, 457 U.S. 147, 157–158, n. 13, 102 S.Ct. 2364 (1982). "[I]t must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." In re Dry Max Pampers Litig., 724 F.3d 713, 721 (6th Cir. 2013) (citation omitted).

The track record in this case makes it more than apparent that the Pension Fund will vigorously pursue this action on behalf of the class. Not only does it have a significant financial interest in this case, the Pension Fund has vigorously pursued that interest on behalf of itself and others by, among other things, filing an 84-page Consolidated Amended Complaint (Doc. No. 105); responding to a Motion for Summary Judgment (Doc. 213); and participating in discovery.

Lead Counsel has also already proved its mettle by drafting those filing; responding to a Motion to Dismiss; successfully pursuing a Motion for Class Certification; and objecting to Defendants' request for immediate appeal, among many other things. Moreover, Robbins Geller, a 200-attorney firm with an office in this district "regularly represents institutional and individual investors in securities litigation within the Sixth Circuit," and repeatedly has been found "to be 'well qualified' for the task of representing a class in a securities action." St. Clair Cnty. Employees' Ret.

7

System v. Acadia Healthcare Co., No. 3:18-CV-00988, 2019 WL 494129, at *6 (M.D. Tenn. Jan. 9, 2019) (quoting Garden City Emps.' Ret. Sys., 2010 WL 1790763, at *4 (M.D. Tenn. April 30, 2010). Defendants to not dispute that the Pension Fund and class counsel will adequately represent the class. (Doc. No. 238 at 9).

Having conducted the "rigorous analysis" required by the Rule, the Court is "satisfied" that each of the Rule 23(a) prerequisites for class certification exists in this case. The Court has also found that Rule 23(b)'s predominance inquiry as has been met. Strougo v. Tivity Health, Inc., 606 F. Supp. 3d 753 (M.D. Tenn. 2022).

Accordingly, for the foregoing reasons, as well as those set forth in its prior Memorandum Opinion, the Court again certifies the following class:

> All persons who purchased or otherwise acquired the common stock of Tivity Health, Inc. between March 8, 2019, and February 19, 2020, inclusive. Excluded from the Class are Tivity Health, Inc., Donato Tramuto, Adam C. Holland, and Dawn Zier, members of their immediate families, and any entity of which Defendant has a controlling interest, and the legal representatives, heirs, predecessors, successors, or assigns of any excluded party.

The law firm Robbins Geller Rudman & Dowd LLP shall remain as class counsel.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

8