UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT STROUGO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:20-cv-00165 ) |
| TIVITY HEALTH, INC., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On June 7, 2023, the Court certified the following class:

All persons who purchased or otherwise acquired the common stock of TivityHealth, Inc. between March 8, 2019, and February 19, 2020, inclusive. Excluded from the Class are Tivity Health, Inc., Donato Tramuto, Adam C. Holland, and Dawn Zier, members of their immediate families, and any entity of which Defendant has a controlling interest, and the legal representatives, heirs, predecessors, successors, or assigns of any excluded party.

(Doc. No. 248 at 8). Eleven months to the day earlier, the Court certified the same class. (Doc. No. 179 at 1). That decision was vacated after Tivity filed an interlocutory appeal pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.

The Sixth Circuit remanded the case for this Court to analyze each of the factors under Rule 23(a), even though Tivity – both here and on appeal – only challenged the predominance factor under Rule 23(b). After a conference with the parties, "more fulsome briefing on the Rule 23(a) factors," (Doc. No. 243 at 3), and due consideration of each of the Rule 23(a) factors. the Court recertified the class. Again, Tivity filed a Petition for Permission to Appeal (Doc. No. 251-1 at 2) and moved to stay proceedings in this Court pending a decision by the Sixth Circuit. (Doc. No. 250). Plaintiff

opposes that Motion. (Doc. No. 255).

## I.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. No. Amer. Co., 299 U.S. 248, 254-55 (1936). Indeed, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," and that decision is subject to "highly deferential" review. F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014) (citation omitted).

Rule 23 itself acknowledges a court's power to stay proceedings. It provides:

> (f) Appeals. A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Crim. P. 23(f). The Rule does not indicate the factors to be considered in deciding whether to issue a stay, but a court generally balances four: "'(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.'" SawariMedia, LLC v. Whitmer, 963 F.3d 595, 596 (6th Cir. 2020) (quoting In re Flint Water Cases, 960 F.3d 820, 825 (6th Cir. 2020)). Although these factors are "interrelated," a court may not grant a stay "'where the movant presents no likelihood of merits success.'" Id. (quoting Daunt v. Benson, 956 F.3d 396, 421–22 (6th Cir. 2020)).

The parties hotly contest Tivity's likelihood of success on the merits. Plaintiff insists Tivity cannot come close to the "strong showing that the district court's decision was a clear abuse of

2

discretion" necessary for an interlocutory appeal under rule 26(f). (Doc. No. 255 at 4) (quoting In re Arkema, Inc., No. 18-0502, 2018 WL 3472698, at *1 (6th Cir. May 23, 2018)). For its part, Tivity suggests the Court erred pretty much across-the-board in deciding to certify a class. While the Court does not agree with Tivity's claimed error on all fronts, it acknowledges the most judges are "reluctant to find that a substantial likelihood exists that he or she will be reversed." Stuart v. State Farm Fire and Cas. Co., 2017 WL 5952872, at *2 (W.D. Ark. Jan. 25, 2017). The Court also recognizes that Tivity raises legitimate issues, or so the Sixth Circuit could find.

Although the previously-mentioned factors "are not prerequisites," Daunt v. Benson, 956 F.3d 396, 421–22 (6th Cir. 2020)), the Court finds that, on balance, they favor a stay. There are additional competing and complementary principles at work in this case that also favor a stay.

First, "when the stakes are large and the risk of a settlement or other disposition that does not reflect the merits of the claim is substantial," as they could be here, "an appeal under Rule 23(f) is in order," Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 835 (7th Cir. 1999), as may be a stay of proceedings in the district court to effectuate that result. With the anticipated trial date less than two months away, once could reasonably expect that there will be enormous pressure to resolve the case, regardless of the merits of the class claims. Settlement would take a complex case off the Court's docket, but would not necessarily be in the interests of justice.

Second, while Rule 23(f) should not be used "as a vehicle to delay proceedings in the district court," Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd., 262 F.3d 134, 140 (2d Cir. 2001), the Court should not ignore "practical considerations," including its "need to efficiently manage its docket and fairly spread its limited resources across its sprawling caseload," Cusack-Acocella v. Dual Diagnosis Treatment Ctr., Inc., No. SACV 18-01009 AG, 2019 WL 2620384, at *2 (C.D. Cal.

3

May 21, 2019).  Those practical considerations highly favor a stay.

This case is scheduled for trial as a class-action commencing on September 12, 2023. However, notice to potential class members has yet to mailed.  True, Plaintiff filed an unopposed Motion to Approve the Form and Manner of Class Notice (Doc. No. 246) on June 15, 2023.  The Court did not rule on the motion immediately, however,  because it expected Tivity to appeal the class certification and Tivity did so within a week.  This prompted Plaintiff to file a Motion to Ascertain Status (Doc. 258) in which it requested that the Court issue the proposed notice.  Under Plaintiff's revised notice request, the potential class members would have until September 8, 2023 to opt-out, a mere four days before trial.

While Plaintiff wants to maintain the trial date, that simply will not happen.  The day before this case is scheduled to begin, the Court is scheduled to start a five-week long criminal trial (United States v. Morales, 21-cr-00022, and it has been assured that at least two (and up to five Defendants) will go to trial.  As a criminal case, Morales takes precedence, even ignoring that most of the Defendants have been incarcerated in local county jails throughout the pandemic.

Clearly, the Court cannot press-on with this case at this time and it makes sense to enter a stay while the case is on appeal.  If Plaintiff is correct that (1) "Defendants cannot point to a single instance in which the Sixth Circuit has ever granted a Rule 23(f) petition in a securities fraud class action under similar circumstances"; (2) "[n]one of the four factors the Sixth Circuit considers in deciding whether to grant a Rule 23(f) petition supports Defendants"; and (3) "Defendants have no likelihood of success as to the merits of their claims," (Doc. No. 255 at 1, 4), then it should be a short stay indeed.

Moreover, Implementing a stay will allow the parties to conserve their resources until the full

4

nature of the dispute crystallizes. That is, will this case be a $32,000 individual claim, or a class action that encompass one, some, or all of the Nurtisystem, Goodwill, and Scheme claims? Even assuming the Court could try the case shortly after Morales (unlikely as that may be), empanelling a jury, requiring it to sit through a weeks-long trial and render a verdict would clearly not be in the public interest should the Sixth Circuit grant Tivity's Petition and find in its favor, either in whole or in part.

**II.**

For all of these reasons, Tivity's Motion to Stay Proceedings (Doc. No. 250) is **GRANTED** and this case is hereby **STAYED** pending resolution of the proceedings in the Sixth Circuit. Within seven (7) days of disposition by the Sixth Circuit, the parties shall file a motion requesting that the stay be lifted and that a status conference be held. With this ruling, Plaintiff's Motion to Ascertain Status is **DENIED** as **MOOT**.

For housekeeping purposes, the Clerk of the Court shall **TERM** all remaining Motions subject to reinstatement at the parties' request (if appropriate and necessary) once the stay has been lifted.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE