**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **ROBERT STROUGO, individually and on behalf of all others similarly situated,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:20-cv-00165** |
| **v.** ) | |
| ) | |
| **TIVITY HEALTH, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

The parties have filed a Joint Motion for Approval of Settlement. (Doc. No. 444).

Previously, the Court certified this case to proceed as a class action on behalf of the following class (the "Class"):

> All Persons who purchased or otherwise acquired Tivity Health, Inc. ("Tivity Health") common stock between March 8, 2019, and February 19, 2020, inclusive. Excluded from the Class are: Defendants, members of their immediate families, any entity of which a Defendant has a controlling interest, and the legal representatives, heirs, predecessors, successors, or assigns of any excluded party.

Sheet Metal Workers Local No. 33, Cleveland District, Pension Fund was appointed Lead Plaintiff and Robbins Geller Rudman & Dowd LLP has been appointed Lead Counsel. (Doc. No. 89). Additionally, notice of pendency of this case was provided to Class Members in October 2024 ("Notice of Pendency"), and Class Members were afforded an opportunity to seek exclusion, which has since expired. To date, no Class Members have sought exclusion from the Class in response to the Notice of Pendency.

Lead Plaintiff has filed a Motion for Preliminary Approval of Settlement and Approval of Notice to the Class, (Doc. No. 444), pursuant to Federal Rule of Civil Procedure 23(e). The

motion requests preliminarily approval of the settlement of this case, in accordance with the Stipulation of Settlement between Lead Plaintiff and Defendants, dated June 23, 2025 ("Stipulation"), which, together with the Exhibits, sets forth the terms and conditions for a proposed settlement of the Litigation ("Settlement").  The Lead Plaintiff also seeks dismissal of this case with prejudice.   The Stipulation does not provide for a further opportunity for Class Members to seek exclusion.  Unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

Based upon the entire record, the Court finds and rules as follows:

1.    After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (i) resulted from arm's-length negotiations overseen by experienced mediators; (ii) eliminates the risks to the Settling Parties of continued litigation; (iii) does not provide undue preferential treatment to Lead Plaintiff or to segments of the Class; (iv) does not provide excessive compensation to counsel for the Class; and (v) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.  Accordingly, the Court preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.    A hearing (the "Settlement Hearing") shall be held before this Court on **November 12, 2025**, at 9:00 a.m., at the United States District Court for the Middle District of Tennessee, in Courtroom 5D, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203, for the following purposes:

(a)    to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to finally determine whether Judgment as provided in the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Plaintiff's Claims or Released Defendants' Claims extinguished by the Settlement;

(c)    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)    to consider the application of Lead Counsel for an award of attorneys' fees and expenses, including an award to Lead Plaintiff pursuant to 15 U.S.C.

§78u-4(a)(4);

(e)    to consider any Class Member's objections to the Settlement, Plan of Allocation, or application for fees and expenses; and

(f)    to rule upon such other matters as the Court may deem appropriate.

3.    The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Complaint, on the

merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

4.    The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice, and the Postcard Notice, annexed hereto as Exhibits 1, 2, 3, and 4, respectively, (Doc. Nos. 445-2, 445-3, 445-4 and 445-5) and finds that the distribution of the Postcard Notice by email or regular mail (where an email is unavailable) and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-8 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.    Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which have or shall be paid as set forth in the Stipulation, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6.    The firm of Verita Global ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

7.    Lead Counsel, through the Claims Administrator, shall commence emailing or mailing (where an email is unavailable) the Postcard Notice, substantially in the form annexed hereto, within twenty (20) calendar days after the Court signs this Order ("Notice Date"), by

- 4 -

email or by first-class mail to all Class Members who can be identified with reasonable effort. Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on the Settlement website at www.TivityHealthSecuritiesLitigation.com, from which copies of the documents can be downloaded.

8.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

9.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

10.     Nominees who purchased or acquired Tivity Health common stock for the beneficial ownership of Class Members during the Class Period shall: (i) within seven (7) calendar days of receipt of the Postcard Notice request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Postcard Notice to such beneficial owners. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email address is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee

shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by the nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11. Any Postcard Notice provided by a third-party must include a link to the website www.TivityHealthSecuritiesLitigation.com as well as contact information for the Claims Administrator.

12. In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

      (a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be

further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of their current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such Claim is valid, deficient, or

rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)    For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

13.    Any Class Member who does not submit a valid Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late Claims.

14.    Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

15.    All Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable. Pursuant to the Order dated September 26, 2024 (ECF 272), a Class Member wishing to be excluded from the Class had to submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise

hand-deliver it, such that it was postmarked no later than December 2, 2024, to the address listed in the Notice of Pendency. No Persons sought exclusion from the Class. The Court has determined that no further exclusion opportunity is necessary or appropriate in connection with the Settlement. Any Class Member who did not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation and the Judgment, if entered.

16.     The Court will consider comments or objections to the Settlement or the Stipulation that comprises the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are delivered by hand or sent by First-Class Mail such that they are received, not simply postmarked, on or before twenty- one (21) calendar days prior to the Settlement Hearing, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; and King & Spalding LLP, Lisa R. Bugni, 1180 Peachtree Street, N.E., Suite 1600, Atlanta, GA 30309, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203 on or before twenty-one (21) calendar days prior to the Settlement Hearing. Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement (in whole or in part), the Plan of Allocation, or the application for attorneys' fees and expenses is required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the date(s), price(s), and number of shares of Tivity Health common stock purchased, acquired, held, or sold between

March 8, 2019, and February 19, 2020, inclusive; and a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. The objection must identify all other class action settlements the objector and his, her, or its counsel has previously objected to, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees, expenses to Lead Counsel or award to Lead Plaintiff unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and award to Lead Plaintiff shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, **October 8, 2025**. Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or **November 5, 2025.**

19.     The Released Defendant Parties shall have no responsibility, interest in, or liability whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness,

reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation.

20. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23. If the Settlement set forth in the Stipulation is not approved or consummated for any reason whatsoever (in whole or in part), the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in the Stipulation.

24. Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall institute, commence, or prosecute against any of the Settling Parties, any action or proceeding in any court, tribunal, or other forum asserting any of the Released Plaintiff's Claims.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE